may it please the court I would like to reserve three minutes for rebuttal all right you can watch your clock there I'll also try to help you thank you my name is Allison Guernsey and I represent the defendant in this case mr. Williams this is a case that's before the court regarding the propriety of the evidence that the district court relied upon in order to revoke mr. Williams term of supervised release mr. Williams came into federal court after pleading guilty via an Alford plea in Washington State Court he pled guilty to an Alfred plea whereby he maintained his factual innocence to a second-degree assault charge this was also a bar plea and in Ray bar is a case in Washington State that allows an individual to plead to a legal fiction in order to take advantage of a plea deal or in order to minimize exposure under sentencing laws when he supervised release violations two of which were dismissed by the district court and the only one that the court found had been proven by a preponderant they dismissed or just not reached and it didn't the judge decide okay I'm gonna check this box I don't need to consider the others my recollection is that his oral decision on the date of the hearing was that he was going to dismiss the allegation that there was a firearm as well as the association with a felon he said several times in the record I'm not inclined to find that mr. Williams possessed a firearm particularly because the second-degree assault charged which he ultimately pled guilty I'm sorry the third-degree assault charge does not require a firearm and my understanding was that he also declined to rule or I'm sorry dismissed the petition alleging that he associated with a felon well he and in particular as to the felon it suggests to me that okay that's a factual question but I don't have to go there because I've decided based on whatever it was that caused the state court conviction that's enough my purpose is to satisfy the first it potentially makes a difference because we accept your argument there's a question as to what happens to the case from there what do you say should happen to the case from there if the case were to remain be rerouted to the district court we would have an evidentiary hearing I believe that the testimony as to the other violations has already been provided as well as at least the defense's provided briefing on the meaning of the term associates so the district court could if he has not dismissed those other to go back and rule on all three ask another question in terms of where we stand now I think you told us in our brief that is expected release date is earlier this month has he been released he has been released he's no longer under supervision he has not what's left certainly there actually is an implication here because the finding of a violation and the imposition of an 18-month sentence has the potential assuming he commits another crime in the future to increase his guideline range for example his underlying conviction he received a term of imprisonment because of his revocation it's the date of his revocation that would be used to calculate criminal history score were he to commit another crime in the future in federal court in calculating his potential guideline range so there is an impact if it were to be remanded to the district court and if the court were to find that there were no violations he wouldn't have that subsequent sentence ergo the date of the original conviction would be the date that was used in guideline range so it does make a difference one of the things the district court said in its order is he acknowledged that the statement could prove he had committed a crime beyond reasonable doubt I read his statement a little bit differently so I think he said if you put on he was at risk for a conviction so what effect does that have on your argument in terms of what the district court understanding of what happened and what the actual statement was I think your honor is correct I think if you read on page 66 of the excerpts of record exactly what Mr. Williams said in pleading guilty to accept the offer of the state I believe that he runs a substantial risk of being convicted if this if a jury were to believe the state's evidence and then again when the state court went through the change of plea hearing with Mr. Williams he again acknowledged merely that the state had evidence that if believed by a jury could result in a conviction although I'm not even sure they did this was a plea under the NRA bar doctrine is sort of an artificial crime I believe it's a plea both under Alfred and NRA bar yeah so he maintained factual innocence to the crime to which he ultimately pled guilty but in order for that plea to be knowing and voluntarily given the dish the state was required to find the factual basis for the greater charge under NRA bar but they're not mutually exclusive and I know I know that I mean it seems to me it compounds the the the inappropriateness of viewing this as a admission of factual guilt which is what the district court took it to be I would agree with your honor I mean there's fiction I guess the he pled guilty excuse me he entered an Alfred plea and bar plea to causing bodily harm with a weapon is that right is that what third-degree assault was under the Washington law there is no weapon I understand that but that's what the crime was correct that is that is correct negligent there wasn't a weapon so he couldn't have executed such a crime so exactly now that I understand Washington law of course is different than California where there actually is statute that says that such a plea an Alfred plea is basically tantamount to a guilty plea we don't have that in Washington correct that is correct is there anything in Washington law that is contrary to your position in other words where the Washington courts have taken the position that even though it's maybe not exactly like a guilty plea that it's more like a guilty plea that of pleading guilt than anything else is there anything in Washington law that would lead us that we should look at not that I have found the government does cite to the Washington rules of evidence that allow a Alfred plea to be used in a probation hearing or in a sentencing hearing but notably the government nor I have uncovered a case where a Alfred plea has been preclusive or the facts establishing Alfred plea do not allow someone to attack it in the later sentencing hearing and the cases that we that I have cited regarding sentencing hearings certainly statute that requires that facts relied upon to impose a exceptional sentence must be admitted verified or approved and we believe that again just supports our position that in Washington the mere fact that someone enters an Alfred plea doesn't mean that that factual basis has been admitted or approved you want to say the remaining time thank you may it please the court Alexander X from on behalf of the appellee United States of America the honors to address judge McCown's question first regarding the colloquy at the time of plea in the state court that existed excerpt of records 73 through 74 and the court is correct that the the precise language used was the Superior Court judge asking the defendant whether the defendant believed that there was enough evidence to convict the defendant if the jury were to believe the evidence in the police reports there was an earlier conversation regarding the defendants having reviewed the police report with his attorney that's also included in the statement of plea of guilty your honor why should that end the question though I mean that there's a big gift there if the jury should believe so he has the prospect of going to trial that's not what happened but is concerned about the possibility the jury doesn't believe him although he thinks or knows for a fact because he's there what what the actual events were why should we disregard that difference because in this case a Alfred plea is treated like a NOLA contender a the NOLA contender a under Verdusco and Guadarrama is is sufficient to show the violation of both supervised release and probation and Washington those are under California law right those are under California under specifically under section 1016 however Washington uses the same structure in its evidentiary rules that was that the that the federal system uses there is the the general exclusion under 410 which mirrors the the federal rule and there's also the the exception provision for miscellaneous proceedings in 1101 d3 in the federal rule and 1101 c3 in the state rule well that may tell me that a NOLA plea is is potentially admissible for consideration but I think back why is it that a NOLA plea is not under the rules of evidence I think both Washington state and federal is not admissible when the rules of evidence do apply what's the logic behind that well it seems to me the logic is that it's not sufficiently compelling or probative well if it's not sufficiently probative why should we turn around and say in a supervised release hearing it's a given because of the case law that indicates that the inquiry in a supervised release hearing is different in species and the at 514 F second 41 at 43 makes the evidence any more reliable and the effect here is that you've got somebody going to jail for 18 months which is usually what happens as a result of a criminal prosecution this is evidence that wouldn't be admitted in a criminal prosecution why should we accept it as conclusive in the context of this miscellaneous proceeding because because the the nature of the evidence doesn't change however the nature of the inquiry does and that's the government's argument that even after Crawford we're not looking at a Sixth Amendment right of confrontation but rather a Fifth Amendment due process under Hall if the copy of the conviction is sufficient and under Garcia and the defendant can't collaterally attack the conviction under in that case using the same evidence rule same evidentiary rules that brought the federal courts to the conclusion under their rules of evidence the Washington state rules are the same but we said that it there's where it seems to me you're trying to conflate admissibility with probity and it's one thing to say it could be admissible admissible for what well it's admissible to for whatever it's worth that's like any piece of evidence so I I'm not sure that that gets you the last feet I understand the court's question and and my answer is that under Verduzco and Guadarrama it is not only admissible but the court indicates that it that it would be sufficient to find the violation certainly under California law certainly under California law and certainly under federal law but we're in Washington right and in the government and the government's argument is that for the same reason that those two rules of evidence work in conjunction to make it an appropriate response under the federal rules of evidence that is I'm not sure it's the same under federal law that Verduzco however it's pronounced forgiving and Guadarrama relied on California Penal Code section 1016 which provided that the legal effect of a no low contender a plea to a crime punishable as a felony quote shall be the same as that of a plea of guilty for all purposes I don't know of any federal equivalent of that no your honor the federal system results in the way that I described however Washington has a definition of conviction under RCW 9 9 4 a 0 3 of sub 9 to include an adjudication of guilt pursuant to title 10 or 13 the juvenile statute including a verdict of guilty finding of guilty or acceptance of plea of guilty with no distinction made between the mechanism by which the plea is taken be it no low contender a Alfred Barr or otherwise you know what another thing that is odd here and this this may be even bothers me more than the difference between Alfred no low etc is this is the Washington peculiarity of in Ray bar so under the the government needs to show by a preponderance that he committed a crime correct that there that there was the commission of a crime federal state or local right and so the crime which we're focusing on now is this is this assault in the third degree correct correct but we know we didn't commit that well your prosecutor you can say that and that in the in the very pages you were referencing us to earlier that they I think you said the elements don't match up the prosecutor did say that however weapon includes a firearm weapon is a broader term to include I don't know that necessarily the prosecutors factually correct it has to include bodily harm under the third degree yes so I mean I you know you're just certainly not your fault that you landed in in the middle of two peculiarities okay well I find myself here you are and and the one though that it does bother me that that you can make up this fiction and then and we know he didn't do that whatever he did he didn't do that and now that meaning the third degree assault which everyone agrees is a total fiction is become a basis for which we can say he committed that crime by preponderance of the evidence something doesn't sit right with that so dig me out of the hall your honor the only thing I can offer to the court is the original statement in bar which I concede is not further discussed in swallow or the other case cited by the defense where at 716 the court says we hold that when as here the record establishes a factual basis for the two crimes originally charged there were two crimes in that instance and reveals quote the defendants understanding of his complicity of the crimes and and and there is that language that exists in bar that it does not exist in Alfred or Newton which is the Washington equivalent and again when he took his plea whatever kind of plea it was was he advised that even though you're denying guilt even though the charge is actually an artificial one and even though this is a classic sort of deal to deal with this the overall situation by the way you face imprisonment potential imprisonment in your in federal court as a consequence of this plea he was not advised that collateral consequence he was advised of the fact that he faced a potential of maximum of five years in the state court as a result of that so he was he was advised of a substantially severe penalty but there are many collateral consequences of which he was not advised to answer the court's question yeah I find that I have 30 questions of me I would just like to make one final point in response to the government the section that the government read from in Ray bar talking about the defendants understanding of his complicity in the crime would be our position that that simply doesn't mean that the defendant is agreeing that he has committed that crime but rather because in Ray bar talked about the voluntariness of a plea that simply goes to whether the entry of a plea is voluntary in that he understands the evidence that would be presented were he to go to trial and unless the panel has further questions I would yield the remainder of my time no further questions thank you both for your arguments you know it falls in the category of you can't make this up we appreciate both the briefing and the arguments in the case of United States vs. Williams is submitted
judges: Rakoff, McKeown, Clifton